## REQUIREMENT OF VACCINATION BY SCHOOL AUTHORITIES.

[Circuit Court of Summit County.]

THE STATE OF OHIO, EX REL WILLIAM A. MILHOOF, v. THE BOARD OF EDUCATION OF THE VILLAGE OF BARBERTON.

Decided, September 30, 1905.

*Schools—Policy of State with Reference to—Compulsory Vaccination of Pupils—Section 3986—Mandamus.*

The policy of the state of Ohio as to encouraging education and enforcing attendance at school of children of school age, does not render invalid a rule requiring vaccination for small-pox as a condition of admission to the public schools.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The petition sets out that the relator resides in Barberton, and has two children of school age who are entitled to be admitted as pupils in the schools, and that they are excluded for the reason, and only for the reason, that they have not been vaccinated for small-pox, and he seeks a mandamus compelling the board of education to admit these children into the schools.

The case was heard and some evidence introduced, and it appears that the facts are as stated in the petition. The board has a rule which it adopted at a time when small-pox was prevalent in the village of Barberton; that prevalence does not now exist, nor is there any small-pox in the vicinity of Barberton—in Akron, or any other place connected with Barberton, but the rule is still there and still in force. Section 3986, Revised Statutes, provides that—

"The board of each district may make and enforce such rules and regulations to secure the vaccination of, and to prevent the spread of small-pox among the pupils attending or eligible to attend the schools of the district, as in its opinion the safety and interest of the public require; and the boards of health and councils of municipal corporations, and the trustees of townships, shall, on application of the board of education of the district, provide at the public expense, without delay, the means of

vaccination to such pupils as are not provided therewith by their parents or guardians.''

In accordance with that statute the board adopted this rule; it is still in force. In numerous cases which were cited on the hearing in other states such rules have been upheld. It is urged that in view of the fact that there is compulsory education in this state, the policy of the state is to encourage, indeed to enforce education upon the children, that there ought not to be a rule which will exclude children from the schools because they have not been vaccinated, but the statute says they may, or, rather, that they may enforce the vaccination and make such rules as in the judgment of the board are necessary. They have adopted this rule. There is nothing in the decisions to which our attention has been called, or of which we have any knowledge, nor is there anything in the facts which would justify us in holding that the rule of the school board is unreasonable, and the petition is therefore dismissed at the costs of the plaintiff.

*Rogers, Rowley & Rockwell*, for plaintiff.

*E. W. Stuart* and *H. M. Hagelbarger*, for defendant.